NOT FOR PUBLICATION OR CITATION

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

| | | |
|---|---|---|
| RICKI MACK McCLENDON, | ) | |
| Petitioner, | ) ) ) | Civil Action No. 6: 05-540-DCR |
| V. | ) ) | |
| CHARLES SAMUELS, Warden, | ) ) | **MEMORANDUM OPINION AND ORDER** |
| Respondent. | ) | |

\*\*    \*\*    \*\*    \*\*    \*\*

Ricki Mack McClendon, an individual incarcerated in the Federal Correctional Institution in Manchester, Kentucky, has filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. The Petitioner has paid the $5.00 filing fee. The petition is now before the Court for screening. 28 U.S.C. §2243; *Demjanjuk v. Petrovsky*, 612 F. Supp. 571 (N.D. Ohio 1985) (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970), *cert. denied*, 400 U.S. 906 (1970); *accord Aubut v. State of Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

This *pro se* proceeding is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the petitioner. *See Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983). However, 28 U.S.C. §1915(e)(2) provides that a court may dismiss a case at any time if it determines that the action is frivolous or malicious or fails to state a claim upon which relief can be granted.

PETITIONER'S CRIMINAL CONVICTION

A Federal jury for the Southern District of Indiana ("the trial court") found the Petitioner guilty of conspiracy to distribute cocaine and to possess cocaine with the intention of distributing it, in violation of 21 U.S.C. §§841(a)(1) and 846. The trial court also found the Petitioner guilty of using or carrying of a firearm during and in relation to a drug trafficking offense, in violation of 18 U.S.C. §924(c)(2). On November 17, 1996, the Petitioner was sentenced to 271 months' incarceration. He appealed, but the convictions were affirmed by the United States Court of Appeals for the Seventh Circuit. *United States v. McClendon*, 139 F.3d 902 (7th Cir. 1998). The Petitioner also challenged the drug conviction in the trial court, on the same grounds, in a motion to vacate pursuant to 28 U.S.C. §2255. The trial court denied his §2255 motion on March 26, 1999.

PREVIOUS §2241 LITIGATION

On August 31, 2005, the Petitioner filed a petition for a writ of habeas corpus under 28 U.S.C. §2241 in this Court, being *McClendon v. Samuels*, London Civil Action No. 05-474 (Hon. Karen K. Caldwell, presiding) ("the First §2241 Petition"). The named Respondent in the First §2241 Petition was the same Respondent named in the instant proceeding: Charles Samuels, the warden of FCI-Manchester.

The Petitioner argued in the First §2241 Petition that §2241 was a valid and available means by which to challenge a conviction when other remedies were inadequate. He contended that he was properly asserting his claim under *Bailey v. United States*, 516 U.S. 137 (1995),

under §2241.[1]  First, he asserted that because the government failed to prove use or carrying, as "use" was later defined in *Bailey*, his firearms conviction should be vacated.  Second, he asserted a "classic" sentencing claim, *i.e.*, because he was never charged with a drug quantity or amount, the Court's imposition of a lengthy sentence for the drug offense is illegal under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *United States v. Booker,* --- U.S. ----, 125 S.Ct. 738 (2005).

On September 12, 2005, Judge Caldwell filed a Memorandum Opinion and Order and Judgment dismissing the First §2241 Petition, finding that it lacked merit for three reasons.  First, citing *Charles v. Chandler*, 180 F.3d 753, 757-58 (6th Cir. 1999),  Judge Caldwell held that relief under §2241 is not appropriate where a petitioner has previously presented his claims to the trial court under 28 U.S.C. §2255 and lost.  The Court stated that the law of the Sixth Circuit, as established  in *Charles*, is well established:  the remedy available to a petitioner under §2255 is not rendered "ineffective" or "inadequate" simply because the trial court previously denied him relief.

Second, Judge Caldwell determined that the petitioner had failed to establish a valid claim of "actual innocence" as defined in *Bousley v. United States*, 523 U.S. 614 (1998).[2]

---

1    In *Bailey*, the Supreme Court of the United States interpreted the "use" prong of 18 U.S.C. §924(c)(1) narrowly, to require "active employment" of a firearm in order to sustain a conviction for use of a firearm in relation to a drug offense.  Numerous prisoners who had been convicted under a broader understanding of the "use" component for conduct which, after *Bailey*, was not considered criminal conduct, suddenly had claims of actual innocence.

2    In *Bousley,* the Supreme Court noted that, "[t]o establish actual innocence, Petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." *Id.* at 623.  The Court went on to state, "[i]t is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. . . ."   *Id.* at 623-24.

Third, the Court determined that the *Booker* holding is not applicable to cases on collateral review, citing *Humphress v. United States,* 398 F.3d 855 (6th Cir.2005) (*Booker's* rule does not apply retroactively in collateral proceedings), and *In re Anderson*, 396 F.3d 1336, 1339 (11th Cir.2005) ("'It follows that because *Booker*. . . is based on an extension of *Apprendi* [*v. New Jersey,* 530 U.S. 466 (2000)], [the petitioner] cannot show that the Supreme Court has made that decision [*Booker*] retroactive to cases already final on direct review.'").

The Petitioner has not filed an appeal of the First §2241 Petition.

### DISCUSSION OF INSTANT PETITION

In summary, the Petitioner asserts two of the very same claims in this §2241 petition that was raised in the First §2241 Petition: (1) reliance on *Bailey* as a means to invoke the savings clause under §2241; and (2) an argument that he is "actually innocent" of his firearms conviction. He raises no new claims in this action.

It is unnecessary for the Court to address the instant submission any further. Because this action simply reasserts the same claims against the Respondent, arising out of the same facts as asserted in the First McClendon §2241 Petition, it is barred by the doctrine of *res judicata*. *See Federated Dep't Stores, Inc.*, 452 U.S. at 398, 101 S. Ct. 2424 (1981); *see also United States v. Sioux Nation of Indians*, 448 U.S. 371, 432, 100 S. Ct. 2716, 65 L. Ed.2d 844 (1980) (Rehnquist, J., dissenting) (Under the circumstances of this case, the district court properly raised the doctrine of *res judicata sua sponte* in the interest of judicial economy); *Holloway Const. Co. v. United States Dep't of Labor*, 891 F.2d 1211, 1212 (6th Cir.1989).

Judge Caldwell addressed and disposed of the issues asserted in this proceeding, on the merits, in the First §2241 Petition on September 12, 2005. Accordingly, the Court will deny the instant Petition and dismiss this proceeding, with prejudice.

## CONCLUSION

The Court being sufficiently advised, it is hereby **ORDERED** as follows:

(1) Petitioner McClendon's petition for writ of habeas corpus is **DENIED.**

(2) This action is **DISMISSED**, *sua sponte,* and stricken from the docket of the Court.

This 25th day of October, 2005.

Signed By:
*Danny C. Reeves* DCR
United States District Judge